IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL JOHN FORD, )<br>)<br>      Plaintiff, )<br>)<br>  -vs- )<br>)<br>KILOLO KIJAKAZI,[1] )<br>*Acting Commissioner of Social Security*, )<br>)<br>      Defendant. ) | Civil Action No. 21-201 |

## **ORDER**

AND NOW, this 14th day of June, 2022, having considered the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1]     Kilolo Kijakazi is substituted as the Defendant in this matter, replacing the former Commissioner pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. §405(g). The Clerk is directed to amend the docket to reflect this change.

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]  Plaintiff argues that the Administrative Law Judge ("ALJ") erred in finding that his multiple sclerosis ("MS") did not meet or medically equal the severity of Listing 11.09, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis. Specifically, Plaintiff asserts that the ALJ "failed to explain how she arrived at a finding that [he] did not have any marked limitation in physical functioning as of the correct date last insured given his MS symptoms." (Doc. No. 15 at p.16). To that end, Plaintiff surmises that the ALJ confused his date last insured in conducting her analysis, incorrectly believing that date to have been March 31, 2019, instead if March 31, 2020. After a review of the evidence, the Court disagrees. Such a conclusion is mere speculation on the part of Plaintiff, and the Court is not persuaded by this conjecture. The ALJ expressly noted the date last insured to be March 31, 2020 (R. 17), and nothing in her discussion regarding Listing 11.09 suggests any confusion as to that date. At best, the ALJ acknowledges an increase in Plaintiff's symptoms after March of 2019, but still finds that these symptoms were not sufficient to meet the listing. (R. 19).

Plaintiff further argues that the ALJ ignored evidence that supports his position that his MS satisfied Listing 11.09. However, Plaintiff's argument is essentially his own interpretation as to what the record evidence shows. While Plaintiff clearly does not agree with the ALJ's consideration of the evidence in this regard, the question for the Court is not whether the ALJ could have reasonably made a different finding based on the record, but rather, whether the ALJ's actual findings are supported by substantial evidence of record. *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986); *Malloy v. Comm'r of Soc. Sec.,* 306 Fed. Appx. 761, 764 (3d Cir. 2009). Therefore, any argument in this regard is misplaced. Regardless, upon review of the decision as a whole, the Court finds that the ALJ properly evaluated the evidence in determining that Plaintiff failed to meet or medically equal Listing 11.09. The Court is able to make a proper and meaningful review and further finds that the ALJ's finding is supported by substantial evidence. It is important to remember that to meet a listing, a claimant must "present medical findings equal in severity to *all* the criteria of a listed impairment." *Degenaro-Huber v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 73, 75 (3d Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in the original)). Plaintiff does not with sufficient specificity explain how he has met all of the criteria of Listing 11.09, while the ALJ did adequately explain how he did not.

Plaintiff further argues that the ALJ erred in determining that he did not meet or medically equal the severity of Listings 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), or 12.08 (personality and impulse-control disorders). In support of the same, Plaintiff, once again, argues that the ALJ ignored evidence that supports his position that he met these listings, specifically the opinion of consultative examiner Steven Pacella, Ph.D., that he has several marked limitations in his mental functioning. However, upon review of the decision as a whole, the Court finds the ALJ properly evaluated the evidence in determining that Plaintiff did not meet or medically equal Listings 12.04, 12.06, and 12.08. The ALJ specifically addressed Dr. Pacella's opinion, including the part in which he

suggested that Plaintiff had certain marked limitations, and explained how she considered that opinion in light of the other evidence. (R. 27-28). Indeed, the ALJ relied on far more than Dr. Pacella's opinion in rendering her decision, citing to objective record evidence including the opinions of Melissa Franks, Psy.D. and Faisal Roberts, Psy.D., which suggested less serious limitations. (R. 27). The Court finds that it is able to make a proper and meaningful review and finds that substantial evidence supports the ALJ's RFC determination. To the extent that Plaintiff argues that the evidence could have supported some other conclusion, the Court again emphasizes that the pertinent question is whether the ALJ's actual findings are supported by substantial evidence, not whether the ALJ could have reasonably made a different finding. *See Simmonds*, 807 F.2d at 58; *Malloy,* 306 Fed. Appx. at 764.

Additionally, Plaintiff argues that the ALJ failed to adequately explain the residual functional capacity ("RFC") determination. An ALJ is charged with formulating a claimant's RFC based on all of the relevant evidence. *See* 20 C.F.R. § 404.1545(a). Accordingly, an ALJ must explain the basis for the RFC finding and set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001); *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *See Burnett,* 220 F.3d at 121 (citing *Cotter,* 642 F.2d at 705). There is no requirement, however, for an ALJ to discuss or refer to every piece of relevant evidence in the record, so long as the reviewing court can determine the basis of the decision. *See Fargnoli*, 247 F.3d at 42; *Hur v. Barnhart*, 94 Fed. Appx. 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Rather, an ALJ must provide sufficient explanation of his or her final determination to afford a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *See Cotter*, 642 F.2d at 705. An ALJ need only include in the RFC those limitations credibly established. *See Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014).

At issue in this case is the ALJ's RFC assessment that Plaintiff could frequently stoop and the ALJ's failure to place limitations on the use of Plaintiff's hands. Plaintiff suggests that the ALJ's explanation for these findings was inadequate and that she was required to provide further explanations since he reported to his neurologist that he was limited in stooping and testified that he experienced clumsiness and dropping things. The Court is unpersuaded by this argument. A claimant's own description of his impairments and symptoms standing alone is not sufficient to establish an impairment. *See* 20 C.F.R. § 404.1529(a). Rather, the claimant must also present objective medical evidence. *See id.* Therefore, Plaintiff's own statements as to his inability to stoop and/or use his hands created no special presumption or duty for the ALJ. After a review of the record, the Court finds the ALJ adequately discussed throughout the decision Plaintiff's testimony and medical evidence regarding his stooping and hand abilities. The Court finds that substantial evidence supports the ALJ's RFC determination in this regard.

Plaintiff also argues the ALJ failed to explain why he would have no off-task limitation in his RFC assessment. After a review of the record, the Court disagrees. The ALJ adequately considered Plaintiff's mental limitations, specifically discussing throughout the decision Plaintiff's ability to maintain persistence and pace. Relying on substantial evidence, ALJ found

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

s/ Alan N. Bloch<br>
United States Senior District Judge

ecf:   Counsel of Record

---

Plaintiff was limited to simple, routine, and repetitive tasks but not at a production rate pace. (R. 21-28). No further explanation was required.

Finally, Plaintiff submits that the ALJ relied on an inaccurate hypothetical question posed to the vocational expert ("VE"). Hypotheticals posed to vocational experts need not reflect every impairment alleged by a claimant. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 n. 8 (3d Cir. 2005). Instead, hypotheticals "must accurately convey to the vocational expert all of a claimant's credibly established limitations." *Id*. As set forth above, substantial evidence supports the ALJ's RFC assessment, and therefore, the ALJ appropriately relied on the VE's response to the hypothetical question posed. Thus, Plaintiff argument in this regard cannot prevail.

Accordingly, for all of the reasons stated herein, the Court affirms the decision.